**Charles K. HOPKINS, Appellee,**

v.

**George H. COLLINS, Warden, Maryland Penitentiary, et al., Appellants.**

**No. 76–1564.**

United States Court of Appeals, Fourth Circuit.

Submitted Dec. 9, 1976.

Decided Jan. 29, 1977.

Francis B. Burch, Atty. Gen. of Md., Clarence W. Sharp, Donald R. Stutman, Asst. Attys. Gen. of Md., Baltimore, Md., for appellants.

Charles F. Morgan, Sandra D. Boteler, Legal Aid Bureau, Baltimore, Md., for appellee.

Before CLARK, Associate Justice [*], and FIELD and HALL, Circuit Judges.

---

[*] Tom C. Clark, Associate Justice of the United States Supreme Court (Ret.), sitting by designation.

PER CURIAM:

This civil rights complaint, filed under 42 U.S.C. § 1983, by Charles K. Hopkins, an inmate of the Maryland Penitentiary at Baltimore, sought a declaratory judgment to protect his rights, under the First and Fourteenth Amendments, to receive and read *The Black Panther,* a weekly newspaper of the Black Panther Party, which was denied him under Maryland Penitentiary Regulation 250–A.[1] During the course of the litigation, prison officials and Hopkins stipulated that censorship procedures, including the following provisions, would meet due process requirements: (1) both the inmate and the senders of the publication would be notified in writing within 48 hours of the withholding of the same, of the intent of the prison authorities to withhold the publication from the inmate; (2) the inmate would have a reasonable time to respond in writing; (3) the warden and his censorship committee would review alternatives less harsh than withholding; (4) a decision and written report containing the reasons for withholding would be given the inmate and sender within seven days of withholding; (5) the inmate as well as the sender could appeal a decision in writing within five days to the Commissioner of Correction; (6) after a final decision there that the material was inappropriate, it would be promptly returned to the sender.

■ On December 11, 1975, the District Court filed its opinion and judgment, *Hopkins v. Collins,* 411 F.Supp. 831 (D.Md.1976),

holding that the standards of Regulation 250–1, used by the penitentiary, were unconstitutionally vague and overbroad, and that a full hearing was also a necessary procedure, where requested, in order to afford the inmate required due process protections.[2] We find the latter requirement not necessary to meet procedural due process standards under *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) and reverse the judgment on this ground alone.

The Supreme Court has clearly set forth the minimal standards of censorship of prison mail in *Procunier, supra.* There it upheld procedures whereby "an inmate be notified of the rejection of a letter written by or addressed to him, that the author of that letter be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence." At 419, 94 S.Ct. at 1814. We find the same to be true as to newspapers.

■ In our view, the key elements approved in the *Procunier* procedure are: (1) appropriate notice; (2) a reasonable opportunity to challenge the initial determination; and (3) an ultimate decision by a disinterested party not privy to the initial censorship determination. Due process requirements are met provided these guidelines are present. We are not alone in this view.[3]

---

**1.** The Division of Correction of the State of Maryland, in Regulation 250–1 (March 29, 1974), provided that mail was subject to disapproval if it:

> (1) is inflammatory or advocates escape, violence, disorder, or assault.
> (2) directly or indirectly threatens the security, safety or order of the institution or its personnel.
> (3) contains coded or otherwise undecipherable language that prevents the adequate review of the material.

**2.** The District Court relied upon *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We think this reliance is misplaced since those cases involved disciplinary prob-

lems resulting in loss of good time or parole, neither of which is involved here. The District Court also, speculated that the *Wolff* hearing provision might be extended to prison transfers in the then-pending case of *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). However, the Supreme Court declined to do so, determining that such a hearing was not necessary.

**3.** *Farmer v. Loving,* 392 F.Supp. 27, 31 (W.D. Va.1975); *Aikens v. Lash,* 390 F.Supp. 663, 672 (N.D.Ind., 1975); *Battle v. Anderson,* 376 F.Supp. 402, 425 (E.D.Okl.1974); *Gray v. Creamer,* 376 F.Supp. 675, 682–683 (W.D.Pa. 1974); *McCleary v. Kelly,* 376 F.Supp. 1186, 1192 (M.D.Pa.1974); *Laaman v. Hancock,* 351 F.Supp. 1265, 1268 (D.N.H.1972).

Applying these elements to the procedure stipulated by the parties here and approved by the trial court, it appears that Hopkins will have a reasonable opportunity to challenge the withholding from him of *The Black Panther* newspaper. Indeed, Maryland provides an additional tier of appeal to the Commissioner of Correction; and under Maryland law access to the Maryland Inmate Grievance Commission is also provided, neither of which procedures is present in *Procunier.*

The judgment is, therefore, reversed and remanded to the District Court, with directions to delete therefrom the hearing requirement therein specified. The remaining provisions of the judgment, as outlined in the stipulation of the parties and adopted by the trial court, are affirmed.

It is so ordered.