**Lorenzo YANCEY, Plaintiff,**

v.

**O.C. JENKINS, Chief Executive Officer (Warden), Metropolitan Correctional Center; Carol Lewis, Administrative Systems Manager, Metropolitan Correctional Center; and Kenneth Read, Correctional Supervisor, Metropolitan Correctional Center, Defendants.**

**No. 85 C 4950.**

United States District Court,
N.D. Illinois, E.D.

July 30, 1986.

Jerrold S. Solovy, Sandra Zunker Brown, Keith F. Bode, Jenner & Block, Chicago, Ill., for plaintiff.

James J. Kubik, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

Plaintiff brings this action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for violation of his First and Fifth Amendment rights. The case comes before the court on defendants' motion to dismiss or for summary judgment, and on plaintiff's cross-motion for summary judgment on the issue of liability.

### FACTS

Plaintiff Lorenzo Yancey received a prison term for his role in a motor vehicle accident swindling ring and was temporarily assigned to the Metropolitan Correctional Center ("MCC") in Chicago, Illinois. During his sojourn there, he wrote a friend to ask her help in collecting on a fraudulent

accident claim filed before his incarceration.

The collection effort proved unsuccessful. Defendant Carol Lewis, supervisor of the MCC mailroom, intercepted Yancey's letter during random screening of outgoing prisoner correspondence and turned it over to defendant Kenneth Read, Correctional Supervisor at the MCC. Read, in turn, gave it to a Postal Inspector. The letter ultimately found its way to the Assistant United States Attorney who had prosecuted Yancey, and became the basis of a motion to revoke his probation. After a hearing, the court granted that motion and sentenced Yancey to an additional five years of incarceration.

No MCC employee ever informed Yancey that his letter was confiscated. Approximately six weeks after placing the letter in the inmate mailbox, Yancey learned of the confiscation from his attorney and wrote to Lewis to ask why the letter never reached its destination. Lewis replied: "I do not know why your letter did not reach the address to which it was mailed. We do not hold mail back in the mail room."

Yancey next filed a Request for Administrative Remedy with defendant O.C. Jenkins, warden of the MCC. Yancy contended that confiscation of his letter without notice violated Bureau of Prisons ("BOP") regulations, and sought the name of the person who authorized the confiscation. Jenkins denied the Request, and Yancy unsuccessfully appealed Jenkins' decision to the Regional Office of the BOP.

Yancey then filed the complaint in this action, which alleges that Lewis, Read, and Jenkins, acting in both their official and individual capacities, deliberately deprived him of his First Amendment right to free speech and his Fifth Amendment right to due process. Yancy seeks money damages

from each defendant and a declaration that BOP Program Statement 5265.6 is unconstitutional insofar as it permits confiscation of inmate mail without minimum due process protections.[1]

## DISCUSSION

The threshold issue in both motions for summary judgment is whether the Constitution requires prison officials to notify an inmate when they confiscate his letter containing plans for criminal activity.

It does not. Although plaintiff correctly observes that as a general matter the Due Process clause requires prison officials to provide inmates with notice and an opportunity to object when their mail is confiscated, *see, e.g., Procunier v. Martinez*, 416 U.S. 396, 417–19, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974); *Hopkins v. Collins*, 548 F.2d 503, 504 (4th Cir.1977); *McKinney v. DeBord*, 507 F.2d 501, 505 (9th Cir.1974), no court has ever applied this rule in the unique context of mail that contains plans for criminal conduct.

There is good reason to exempt such mail from a general notice requirement. Giving notice of its seizure would often alert participants in criminal schemes to the existence of police scrutiny while investigations by law enforcement officials are still pending. More important, the law simply does not protect plans to commit a crime. Writings containing such plans are in the nature of contraband, which no person has a right to possess, and which law enforcement authorities may seize whenever lawfully within plain view, *see Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). It is settled law that prisoners have no legitimate expectation of privacy in their correspondence, *see Smith v. Shimp*, 562 F.2d 423,

---

1. BOP Program Statement 5265.6 provides, in relevant part:

When correspondence is rejected because of content, the Warden shall notify the sender in writing of the rejection and the reasons for the rejection. The Warden shall also give notice that the sender may appeal the rejection.... The Warden shall return rejected

correspondence to the sender unless the correspondence includes plans for or discussion of commission of a crime or evidence of a crime, in which case there is no need to return the correspondence or give notice of the rejection, and the correspondence should be referred to appropriate law enforcement authorities.

427 (7th Cir.1977), and Yancey has not claimed that prison officials violated his rights by opening and reading the letter in question.

Yancey's lawyers have done a commendable job of presenting their client's case in the best light possible, but they cannot alter the underlying facts: Yancey was convicted of mail fraud, tried to continue the same fraudulent activity after he went to jail, and got caught. This may have distressed Yancey, but it certainly did not violate his constitutional rights.

Because the court concludes that defendants' actions did not violate Yancey's rights, it is unnecessary to address defendants' arguments concerning qualified immunity or their lack of direct involvement in the alleged violations.

For the foregoing reasons, defendants' motion for summary judgment is granted and plaintiff's cross-motion for partial summary judgment is denied.

IT IS SO ORDERED.